1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                        DISTRICT OF NEVADA
8                              * * *
9  FREDERICK L. CAERY,                Case No. 2:18-cv-00730-JCM-CWH
10                      Plaintiff,                ORDER
       v.
11
   CLARK COUNTY DETENTION
12 CENTER, et. al.,
                       Defendants.
13

14        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

15  a former state prisoner.  On February 6, 2019, this court issued an order directing Plaintiff

16  to file his updated address with this court within thirty (30) days.  (ECF No. 3.)  The thirty-

17  day period has now expired, and plaintiff has not filed his updated address or otherwise

18  responded to the court's order.

19        District courts have the inherent power to control their dockets and "[i]n the

20  exercise of that power, they may impose sanctions including, where appropriate . . .

21  dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

22  (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure

23  to prosecute an action, failure to obey a court order, or failure to comply with local rules.

24  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

25  with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal

26  for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856

27  F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

28  *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833

   F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson*

                                      1

*v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file his updated address with the Court within thirty (30) days expressly stated: "It is further ordered that failure to comply with this order will result in a recommendation that the case be dismissed without prejudice." (ECF No. 3 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this court's February 6, 2019 order.

It is further order that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED March 19, 2019.

_____
UNITED STATES DISTRICT JUDGE